# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ABINGDON LIVESTOCK EXCHANGE, INC.,** ) ) ) | |
| ) | Case No. 1:06CV00096 |
| Plaintiff, ) ) | |
| ) | **OPINION AND ORDER** |
| v. ) ) | |
| ) | By: James P. Jones |
| **BERT SMITH, IV, ET AL.,** ) ) | Chief United States District Judge |
| Defendants. ) ) ) | |

*Joseph B. Lyle and Kenneth D. Hale, Hale & Lyle, Bristol, Tennessee, for Plaintiff; Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, for Defendants.*

The present question in this case is whether causes of action arising under the Packers and Stockyards Act ("Act"), 7 U.S.C.A. §§ 181-229a (West 1999 & Supp. 2007), ought to be dismissed on the ground that primary jurisdiction resides in the appropriate administrative agency. For the reasons stated hereafter, the defendants' Motion to Dismiss will be denied.

I

At this stage in the case, I must accept as true the allegations of the Complaint. In its Complaint, the plaintiff, Abingdon Livestock Exchange, Inc, alleges that on September 26, 2003, the defendants Bert Smith, IV, doing business as B4 Cattle

Company, and B4 Cattle Company, Inc. purchased livestock at a cost of $657,765.74 from the plaintiff's stockyard.[1] The plaintiff claims that the defendants have not paid in full for the livestock. Earlier the defendants had entered into another transaction in which they failed to pay for livestock. As a result, an administrative law judge ("ALJ") with the U.S. Department of Agriculture ("DOA") issued an order, which became final on October 31, 2002, forbidding the defendants from—among other things—conducting business as livestock dealers without registering and filing an adequate bond and failing to pay when due the full purchase price of livestock.

The plaintiff claims damages arising from the defendants' failure to pay in full for the livestock purchased in September 2003. It seeks relief in Count One of the Complaint for a violation of the ALJ's 2002 order and in Count Two of the Complaint for a violation of the Act. Both counts are based on 7 U.S.C.A. § 209, which imposes civil liability in favor of a person injured by violation of the Act or of an order under the Act.

The defendants have moved to dismiss both counts, claiming that primary jurisdiction over the issues raised resides with the DOA, the federal agency involved.[2]

---

[1] Defendants Bert Smith, IV, and B4 Cattle Company, Inc. have filed this Motion to Dismiss. Another defendant, Mike Edwards, is in default.

[2] The plaintiff has advanced common law breach of contract claims in other counts of the Complaint. Those counts are not at issue in this Motion to Dismiss.

II

Primary jurisdiction "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *United States v. W. Pac. R.R.*, 352 U.S. 59, 64 (1956). If primary jurisdiction applies, the judicial process should be suspended and such issues referred to the appropriate administrative agency. *Id.*

There is no formula for determining whether an issue is within the "special competence of an administrative body." *Id.* Generally, courts consider four factors: "(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made." *Nat'l Commc'ns. Ass'n v. AT&T*, 46 F.3d 220, 222 (2d Cir. 1995).

In this case, the defendants assert that Counts One and Two depend on a determination of whether they are "dealers" as defined in the Act and thus subject to the Act and in violation of the ALJ's order arising under the Act. They contend that

- 3 -

this is an issue within the special competence of the DOA. *See* 7 U.S.C.A. § 201(d) (defining "dealer" as used in Act).

I reject this argument. Determination of whether the defendants are dealers within the meaning of § 201(d) is a matter of interpreting the language of the statute and applying that statute to the facts of the case, a task routinely performed by the courts. Furthermore, courts have been deciding whether a particular entity is a dealer within the meaning of the Act for decades, which belies the argument that such a determination is within the particular discretion of the DOA. *See, e.g.*, *United States v. Haun*, 124 F.3d 745, 750 (6th Cir. 1997); *Gen. Ins. Co. of Am. v. Schnell Livestock Mkt., Inc.*, 353 F.2d 67, 71 (8th Cir. 1965); *Kelley v. United States*, 202 F.2d 838, 841 (10th Cir. 1953); *United States v. Roberts & Oake*, 65 F.2d 630, 631-32 (7th Cir. 1933).

I also find no substantial danger of inconsistent rulings. The DOA currently is investigating the defendants and in the course of that investigation may be called upon to decide whether the defendants are dealers within the meaning of the Act. However, the DOA in its investigation thus far has sought the defendants' business records dating from May 1, 2005, until the present day. *See* Mem. in Supp. of Pet. for Enforcement of Administrative Subpoena Ex. 3, *United States v. Smith*, Case No. 3:07CV00178 (M.D. Tenn. Feb. 9, 2007). The plaintiff alleges that the defendants

acted as dealers in September 2003, and therefore the scope of the DOA's investigation does not extend back far enough to reach the subject of this lawsuit. Determination of whether the defendants acted as dealers from May 1, 2005, until the present day may be relevant to the question of whether defendants acted as dealers in September 2003, but it is not dispositive. An entity may act like a dealer for only a short period of time or even for just one transaction. Without an overlap between the subject time period of the DOA investigation and the subject time period of this case, there can be no substantial danger of inconsistent rulings.

With regard to the final factor, as noted in the prior paragraph, the DOA is investigating the defendants' actions approximately eighteen months after the subject of the dispute between the plaintiff and the defendants, and thus no relevant prior application has been made to the DOA.

III

For the reasons stated herein, it is **ORDERED** that the defendants' Motion to Dismiss is DENIED.

        ENTER: October 26, 2007

        /s/ JAMES P. JONES
        Chief United States District Judge